

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2007

# Fattah v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4398

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fattah v. Beard" (2007). *2007 Decisions.* Paper 1738.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1738

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-4398

_____

ABDEL FATTAH,

Appellant

v.

JEFFREY BEARD, PA Secretary of Department of Corrections;
DONALD KELCHNER, Superintendent as SCI Camp Hill;
JOHN A. PALAKOVICH, Deputy Superintendent at SCI Camp Hill;
Mr., M.D. WILLIAM YOUNG, Medical Doctor at SCI Camp Hill;
JOHN KILLEEN, CO1; CLIFFORD PELTER, CO1; PAUL ALLEN, CO1;
DAVID STOCKHOLM; DERRICK ZIMMERMAN; MICHAEL SCOTT, CO1;
CHARLES CRAIG, CO1; JESSE WITTEL, CO1;
WILLIAM TORRES, CO1; ROBERT KOLVA, CO1; DAVID CROZIER, CO1;
RICHARD MALONE, CO1; THOMAS SLOOP, CO1; NATHAN GOSS, CO1;
ROBERT SANTANGELO, CO1; OFFICER JOSEPH KEEFER, CO1;
MICHAEL CLARK, CO1; RANDY MCCAUSLIN, CO1;
C.O.1 JEFFREY ALBA, C.O.1; EDWARD SMITH, CO2;
ALLEN WEBB, CO2; TODD MYERS, CO2; MICHAEL HARMON, CO2;
PAUL LEGGORE, CO3; BERNARD BAKER, CO3; ROBERT RESSLER, CO3;
LIEUTENANT LADY; STEIGERWALT, Corrections Officer;
SERGEANT KREIDER; C.O. WARNER; LEHMAN, Correctional Officer;
HUPER, Correctional Officer

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-01314)
District Judge:  Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
December 22, 2006

(Filed January 26, 2007)

_____

OPINION

_____

PER CURIAM

Appellant Abdel Fattah appeals from an order entered by the United States District Court for the Middle District of Pennsylvania dismissing his complaint as a sanction for his continued failure to attend his own depositions.  We will affirm the District Court's order.

The parties are familiar with the facts, so we will only briefly summarize them here.  Fattah is an inmate at the State Correctional Institute at Camp Hill, Pennsylvania.  In August 2003, he filed a civil rights complaint naming prison officials and employees as defendants, alleging that the defendants assaulted and discriminated against him because he is an Arab Muslim.  He also alleged that during his participation in a hunger strike, the defendants administered forced feedings in an objectionable manner and provided inadequate medical care.  The District Court granted in part and denied in part the motion to dismiss filed by the defendants, and the matter proceeded to discovery.

The District Court granted the defendants' motion for leave to depose Fattah, and Fattah acknowledged in a letter to the District Court that the motion had been granted.  The defendants filed a notice to depose Fattah on March 23, 2005, with notice to Fattah

by mail. Thereafter, the defendants filed a motion to compel, stating that Fattah refused to leave his cell to attend the March 23, 2005 deposition and refused to respond to those who addressed him. A prison physician examined Fattah and found no medical reason preventing him from attending the deposition. On March 24, 2005, the District Court granted the motion to compel and ordered Fattah to submit to a deposition and cooperate in good faith or face further sanction. On March 30, 2005, the District Court issued another order, warning Fattah that noncompliance with the March 24, 2005 order would result in sanctions imposed under Rule 37, Federal Rules of Civil Procedure, which may include dismissal of the case.[1]

On April 5, 2005, the defendants then filed a motion to dismiss under Rule 37(d) for Fattah's failure to attend his deposition. In the motion, the defendants stated that defense counsel and the stenographer returned to SCI-Camp Hill to depose Fattah on March 30, 2005. Once again, Fattah refused to leave his cell, refused to respond to those who addressed him, and appeared to be unresponsive. The defendants further stated in support of their motion that counsel read aloud to Fattah the District Court's March 24, 2005 order, and again, a prison physician examined Fattah and found no medical reason preventing him from attending the deposition. Fattah filed a response to the motion. On

---

[1] The order refers to Rule 37(c), but it appears that the District Court intended to refer to Rule 37(b) regarding sanctions for failure to comply with a discovery order. In pertinent part, Rule 37(b)(2) provides for court-imposed sanctions, including dismissal of the action, if a party fails to obey an order to provide or permit discovery.

3

August 19, 2005, the District Court held an evidentiary hearing with respect to the motion to dismiss. On September 14, 2005, the District Court granted the defendants' Rule 37(d) motion and dismissed the complaint. Fattah appeals. He has filed two motions for extraordinary relief, to which the appellees have filed a response.[2]

We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's Rule 37 dismissal of the action for abuse of discretion. Curtis T. Bedwell and Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 691 (3d Cir. 1988). To determine whether the District Court abused its discretion, we consider how the court balanced the six factors set out in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), and whether the record supports its findings. Curtis T. Bedwell and Sons, Inc., 843 F.2d at 691-92. The Poulis factors are (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which involves analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. Each factor need not be satisfied for the District Court to dismiss a complaint. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). We recognize that the sanction of dismissal is extreme and

_____

[2]Fattah previously filed motions for appointment of counsel and for injunctive relief, which this Court denied. This Court granted his motion for an expedited appeal.

4

should be reserved for cases where it is justly deserved, but our standard of review is deferential.  Id. at 221-22.

The District Court memorialized its Poulis findings in its dismissal order.  Upon review of the record, as well as the parties submissions on appeal, we conclude that the District Court did not abuse its discretion in dismissing the action under Rule 37(d).  We emphasize that the record amply supports Fattah's willful conduct and bad faith in pursuing his claims, for example, Fattah's propensity to engage in "playing possum" when it is convenient for him, and his refusal to acknowledge delivery of his legal mail.

We will affirm the District Court's order.  We deny Fattah's motions for extraordinary relief.

5